**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CARSON STELTZ, et al.,** | **Civil Action No.: 14-2978 (JLL) (JAD)** |
| **Plaintiffs,** | |
| **v.** | **ORDER / REPORT &** |
| **BANK OF AMERICA,** | **RECOMMENDATION** |
| **Defendant,** | |

**JOSEPH A. DICKSON, U.S.M.J.**

This matter comes before the Court sua sponte regarding certain Plaintiffs' failure to comply with this Court's February 17, 2015 Order. (ECF No. 23). For the reasons set forth below, and as discussed on the record during the March 27, 2015 conference in this matter, this Court respectfully recommends that those Plaintiffs' claims be dismissed, <u>without</u> <u>prejudice</u>, for lack of prosecution. This Court further respectfully recommends that, to the extent certain other Plaintiffs fail to comply with the Orders contained herein, those Plaintiffs' claims should likewise be dismissed, <u>without</u> <u>prejudice</u>, for lack of prosecution.

### I.    RELEVANT BACKGROUND

The Resolution Law Group, P.C. commenced this matter by filing a Complaint in the New Jersey Superior Court, Law Division, Union County, on behalf of 87 individual Plaintiffs. (Compl., ECF No. 1-1). Plaintiffs allege, among other things, that Defendant Bank of America, N.A. ("BOA") has "acted as Originator, Lender, or Servicer in some control capacity over originating, servicing, and/or processing Plaintiffs' loans" and committed various "wrongful acts" in connection with those loans. (<u>Id.</u> ¶ 70). Specifically, Plaintiffs allege that Defendant engaged in a scheme whereby it originated loans using inflated appraisals and lax underwriting standards

and then sold those loans to investors.  (Id. ¶¶ 187, 190, 204).  Plaintiffs also contend that BOA made material misrepresentations to induce Plaintiffs to enter into the loans at issue and otherwise engaged in predatory lending practices.  (Id. ¶¶ 250-274).  Plaintiffs further allege that Defendants "log[ged] all of their mortgage transfers in a private electronic registry, instead of publicly recording the transfer[s] in the local county clerk's office[s]," enabling BOA to "avoid local recordation statutes and real estate trade custom," and to "transfer, bundle, package and sell mortgages to investors without regard to the valuation of the properties or the lending standards utilized by Defendants." (Id. ¶¶ 161, 189-90).  Plaintiffs claim that BOA's utilization of the electronic system of mortgage recordation "has misled the Plaintiffs . . . by concealing the identity of the true owner of a residential mortgage which makes it overly burdensome, if not impossible, for any homeowner to learn the identity of the entity or individual having a security interest in his or her property." (Id. ¶ 181).  In turn, Plaintiffs contend that BOA, though its use of that electronic system, has clouded the chains of title to Plaintiffs' property to such an extent that it has, among other things, "intentionally frustrated Plaintiffs' pursuit of information about their mortgages and seeking loan modifications" and made it "difficult, if not impossible for a homeowner to determine whether [a party attempting to foreclose on their homes] has standing to initiate a foreclosure lawsuit." (Id. ¶¶ 183, 206).  Finally, Plaintiffs allege that BOA failed to properly utilize funds that it received from the federal government through the Troubled Asset Relief Program ("TARP"), (id. ¶¶ 275-288), which is part of the Emergency Economic Stabilization Act, 12 U.S.C. §§ 5201 et seq.  As a result of Defendant's alleged wrongdoing, Plaintiffs claim they have suffered financial loss, and assert eight causes of action.  (Id. at 311-78).

On May 9, 2014, BOA, the sole defendant in this matter, filed a Notice of Removal from the New Jersey Superior Court.  (ECF No. 1).  BOA asserted that the District Court possessed

federal question subject matter jurisdiction over the matter based on Plaintiffs' allegations that Defendants violated obligations imposed by two federal statutes:  TARP and the Home Affordable Modification Program, 12 U.S.C. § 5219, et seq. ("HAMP").  (Id. ¶¶ 4-8).  On May 30, 2014, BOA filed a motion to dismiss Plaintiffs' claims.  (ECF No. 5).  By letter dated June 3, 2014, Plaintiffs' former counsel advised that Plaintiffs intended to file a motion to remand the case to the New Jersey Superior Court and requested that the Court stay all briefing in connection with BOA's motion to dismiss.  (ECF No. 6).  The Hon. Jose L. Linares, U.S.D.J. then administratively terminated BOA's motion to dismiss without prejudice to that defendant's right to refile its application after the Court's resolution of Plaintiffs' forthcoming motion to remand.  (ECF No. 7).  Plaintiffs filed a motion to remand on June 9, 2014, (ECF No. 9), and that motion is now fully briefed.  (ECF Nos. 13, 15).

While Plaintiffs' remand motion was pending, the Court received notification that the United States District Court for the Middle District of Florida had, among other things, enjoined Plaintiffs' former counsel, the Resolution Law Group, from continuing to prosecute mass-joinder actions such as this case.  (ECF No. 18).  The Middle District of Florida also appointed a Receiver for the Resolution Law Group, who, at that court's direction, "request[ed] a stay of these proceedings for a sufficient period of time to permit the Plaintiffs to make arrangements for counsel to represent them."  (See Receiver's Report, ECF No. 19-1, at 3).  This Court then informally stayed the case temporarily, assuming from the content of the Receiver's correspondence that the Resolution Law Group's clients had been apprised of the situation and advised to seek alternative representation.

Having heard nothing for several months from either the Receiver or the individual Plaintiffs regarding their efforts to find new counsel, this Court Ordered Plaintiffs' local counsel

of record, Jeanne Lahiff, Esq., to provide the Court with "contact information and last known addresses for **each** of the Plaintiffs" in this case.  (ECF No. 20) (emphasis in original).  Ms. Lahiff complied with that directive by letter dated January 8, 2015, in which she advised that "the last known addresses of the plaintiffs in this action are listed in the Complaint."  (ECF No. 21).  Ms. Lahiff also provided a list of Plaintiffs' telephone numbers and e-mail addresses.  (ECF No. 21-1)  By Order dated January 29, 2015, this Court administratively terminated Plaintiff's motion to remand "pending resolution of issues concerning Plaintiffs' legal representation."  (ECF No. 22).

By Letter Order dated February 17, 2015, which the Court sent to all Plaintiffs via both regular and certified mail, this Court formally struck The Resolution Law Group as Plaintiffs' counsel of record, "strongly" recommended that Plaintiffs retain replacement counsel, and scheduled a mandatory in-person conference for March 27, 2015.  (ECF No. 23 at 1).  The Court's Order specified that "[e]ither you or your new counsel **must** attend that hearing", (id. at 1-2) (emphasis in original), and clearly warned that "[i]f either you or your attorney do not appear at the conference, the Court will consider the imposition of sanctions, including dismissal of your claims."  (Id. at 2).  The Court also directed that "in instances in which both a husband and wife are named as Plaintiffs, **both** must either attend the conference in person (i.e., one spouse may not speak for the other in Court) or have an attorney represent them at the conference."  (Id. at 2, n.1) (emphasis in original).

The Court's records reflect that, of the 87 Plaintiffs named in the Complaint, only the following attended the March 27, 2015 conference:  (1) Laverne Daramie; (2) Robert Daramie; (3) Melena Davidson; (4) Tyrone Davidson; (5) Santos Garcia; (6) Margaret Quinn; (7) the estate of Plaintiff Cyrus Quinn (by Margaret Quinn); (8) Milagros Rodriquez; (9) Luis Rodriquez; and (10) Duwan Hyman.  (See Civil Conf. Sign-In Sheet for March 27, 2015 Conf., ECF No. 33).

4

Additionally, Plaintiff Heather Young submitted a letter explaining that, while she wished to proceed with her claims, she was unable to attend the conference.  (ECF No. 25).[1]  Plaintiffs Richard and Jane Neuheisel retained counsel on or about the day of the conference, (ECF No. 26), and their attorney called the Chambers of the undersigned to advise that, given his late retention, he was not able to attend the conference.  Finally, Plaintiffs Souphanh and Maly Phonxanasinh submitted a letter setting forth their wish to withdraw from the litigation.  (ECF No. 24).  As BOA has not yet filed an answer or a motion for summary judgment in this matter, the Court considers the Phonxanasinhs' letter to be a notice of voluntary dismissal of their claims pursuant to Federal Rule of Civil Procedure 41(a)(1)A)(i).  See, e.g., Williams v. Sullivan, 506 F. App'x 156, 160 (3d Cir. 2012) (noting the Court's obligation to construe pro se submissions liberally).  The Court's records do not suggest that any of the remaining seventy-one (71) Plaintiffs made an effort to comply with the terms of the February 17, 2015 Order.

## II.   LEGAL DISCUSSION

This Court now finds itself in the unenviable position of having to manage the procedural fallout created by Plaintiffs' former counsel's forced departure from the mass-joinder action that they created.  The Court scheduled the March 27, 2015 conference as a means to bring the parties together to discuss the status of the case and necessary next steps, educate Plaintiffs regarding their responsibilities as litigants, and set a schedule intended to move this litigation forward at a reasonable pace.  Given the large number of pro se plaintiffs involved in this case, effective case management is difficult under even the best of circumstances.  Where, as here, more than two-

---

[1] Plaintiffs' Complaint indicates that Plaintiffs Heather Young and Nadine Morgan assert claims with regard to the same mortgage/ piece of property.  (Compl., ECF No 1-1, ¶ 62).  Ms. Young's letter, however, does not mention Plaintiff Nadine Morgan.  (See generally ECF No. 25).  It is therefore unclear whether Ms. Young intended for her letter to serve as an explanation for Plaintiff's Morgan's failure to attend the March 27, 2015 conference.

thirds of the named Plaintiffs appear to have simply ignored the Court's directives, case management becomes nearly impossible.

As noted above, the Court contemporaneously sent copies of its February 17, 2015 Letter Order to all named Plaintiffs by both regular and certified mail, using the last-known addresses provided by their former counsel.  (See ECF Nos. 21, 23).  The United States Court of Appeals for the Third Circuit has recognized that "[o]rdinary mail that is properly sent is presumed to be received by the addressee."  Patil v. Attorney General of the United States, 326 F. App'x 667, 669 (3d Cir. 2009) (internal citation omitted).  "[A]n individual may rebut that presumption by producing sufficient contrary evidence, such as a sworn affidavit support by circumstantial evidence corroborating the claim of non-receipt."  Id.  In this case, of all of the copies that the Court sent out by ordinary mail more than two months ago, only a handful were returned. Specifically, the Post Office returned the mailings sent to Plaintiffs James Kunkel, James McGurn, Patricia McGurn, Frank Reagan and Susan Reagan as "undeliverable."  The remaining Plaintiffs are presumed to have received the Court's February 17, 2015 Order.

> **a.      Instances In Which Copies of the Court's February 17, 2015 Order Sent by Regular Mail Were Returned**

With regard to the Plaintiffs whose copies of the February 17, 2015 Order were returned as undeliverable, the Court notes that it attempted to contact those parties using the only addresses that those Plaintiffs' former counsel had on file.  (See ECF Nos. 21, 23).  The Court further notes that Local Civil Rule 10.1(a) actually "creates an affirmative duty for litigants to inform the court of any change in their address within seven days of said change."  Archie v. Dep't of Corr., No. 12-2466 (RBK), 2015 U.S. Dist. LEXIS 7783, *3 (D.N.J. Jan. 23, 2015); see also L. Civ. R. 10.1(a) ("Counsel and/or unrepresented parties must advise the Court of any change in their or their client's address within seven days of being apprised of such change by filing a notice of said change with

the Clerk.").  "Courts in this district have held that dismissing a plaintiff's complaint is an appropriate remedy for failing to comply with the Rule."  Archie, 2015 U.S. Dist. LEXIS 7783 at *3-4 (collecting cases).  The United States Court of Appeals for the Third Circuit has likewise found that dismissal is an appropriate sanction where a plaintiff has not provided the Court with an accurate mailing address.  See McLaren v. N.J.State Dept. of Educ., 462 F. App'x 148, 149 (3d Cir. 2012) ("[Although courts are normally required to consider whether a lesser sanction would be appropriate, '[t]he district court could not contact [the plaintiff] to threaten [her] with some lesser sanction.  An order to show cause why dismissal was not warranted or an order imposing sanctions would only find itself taking a round trip tour through the United States mail.'  Therefore, we conclude that the District Court did not abuse its discretion in dismissing the case as a sanction for McLaren's failure to provide the Court with an accurate mailing address.") (internal citation omitted).

The Court notes that it is in a somewhat unique position, as Plaintiffs' former local counsel provided the Court with a list of Plaintiffs' e-mail addresses in addition to those Plaintiffs' last-known addresses.  In reality, counsel provided the court with what amounts to a data dump of information for over 800 individuals (despite the fact that there are only 87 named Plaintiffs in this case).  (See ECF No. 21-1).  The list, apparently a spreadsheet that has been saved in .pdf format, consists of 18 pages of names followed by 18 pages of e-mail addresses, thereby making it a difficult to determine which e-mail address belongs to each plaintiff.  In the interests of justice, the Court's staff has spent an inordinate amount of time reviewing that list in an attempt to locate e-mail addresses for the Plaintiffs, noted above, to whom the Court was unable to provide notice of its February 17, 2015 Order by regular mail.  The Court will therefore attempt to send copies of this Order / Report and Recommendation to the following Plaintiffs, at what appears (based on the

Court's best efforts) to be their appropriate e-mail addresses:   (1) James Kunkel (jimkink@comcast.net); (2 and 3) James McGurn and Patricia McGurn (listed together at pamcg@comcast.net);  and (4 and 5) Frank Reagan and Susan Reagan (listed together at frank@nrsys.com).

The Court respectfully recommends that, if those Plaintiffs do not timely respond to this Report and Recommendation and provide (1) notice of whether they intend to move forward with this lawsuit; and (2) notice of their current mailing address, those Plaintiffs' claims should be dismissed without prejudice, as the Court will have truly exhausted all avenues of attempting to secure their participation in this case.  At that point, the spirit of the Third Circuit's decision in McLaren, 462 F. App'x 149, will strongly favor dismissal.

**b.    All Plaintiffs Who Are Presumed to Have Received a Copy of the February 17, 2015 Letter Order and Who Did Not Attend the March 27, 2015 Conference or Otherwise Contact the Court Regarding Their Nonattendance**

For the balance of the Plaintiffs in this matter (i.e., those Plaintiffs, other than those expressly referenced above, who did not attend the March 27, 2015 conference or contact the Court regarding their intentions in this matter), this Court finds that the only viable course of action would be to dismiss their claims without prejudice pursuant to Federal Rule of Civil Procedure 41(b).  In short, the Court finds that those Plaintiffs' failure to participate in this action makes adjudication of their claims impossible and, in such circumstances, "[a] District Court has the authority to dismiss a suit sua sponte for failure to prosecute by virtue of its inherent powers and pursuant to Federal Rule of Civil Procedure 41(b)."  See Shipman v Delaware, 381 F. App'x 162, 164 (3d Cir. 2010); Parks v. Ingersoll-Rand Co., 380 F. App'x 190, 195-96 (3d Cir. 2010) (noting the United States Supreme Court has held that Fed. R. Civ. P. 41(b) allows for sua sponte dismissals in the context of a failure to prosecute).

A District Court may dismiss a case for failure to prosecute under Rule 41(b) where a balance of the following factors weighs in favor of dismissal: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense. See Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984).  With regard to the "personal responsibility" factor, the Court notes that, as it sent copies of its February 17, 2015 Order directly to these pro se Plaintiffs, they bear full responsibility for their failure to attend the March 27, 2015 conference in this matter.  The Court further finds that Plaintiffs' failure to participate in this action will greatly prejudice Defendant, which will be unable to conduct any discovery necessary to defend against Plaintiffs' claims.  The Court does not find that Plaintiffs have a history of dilatoriness, or that Plaintiffs have acted in bad faith.  The Court does find, however, that given the fact that these Plaintiffs have already disregarded the Court's warning that it would "consider the imposition of sanctions, including the dismissal of [their] claims" if they failed to attend the March 27, 2015 conference, (Feb. 17, 2015 Letter Order, ECF No. 23, at 2), they would likely also ignore any sanction short of dismissal, thereby leading to additional delay, prejudice to Defendant and waste of judicial resources.  The Court will assume, for the purposes of this motion only, that Plaintiffs' claims have some legal merit.  On balance, the Court finds that the Poulis factors weigh in favor of dismissal.  Moreover, the Court notes that, because Plaintiffs' failure to participate in this case makes adjudication of their claims impossible, the District Court would have authority to dismiss those claims without even conducting a Poulis analysis.  See Shippman, 381 F. App'x at 16 ("But when a litigant's conduct makes adjudication of the case

impossible, such balancing under Poulis is unnecessary.") (citations omitted).  In any event, this Court sees no practical alternative to dismissal of these Plaintiffs' claims.  Given the unique circumstances of this case, however, this Court respectfully recommends that any such dismissal be without prejudice.

### III.    CONCLUSION

Based on the foregoing analysis,

**IT IS** on this 4th day of May, 2015;

**ORDERED** that, on or before **May 25, 2015**, Plaintiffs (1) James Kunkel; (2) James McGurn; (3) Patricia McGurn; (4) Frank Reagan; and (5) Susan Reagan[2] shall submit letters to the Court (a) confirming whether they wish to proceed with this litigation; and (b) providing their current mailing addresses; and it is further

**RECOMMENDED** that, if Plaintiffs (1) James Kunkel; (2) James McGurn; (3) Patricia McGurn; (4) Frank Reagan; and/or (5) Susan Reagan fail to timely provide such information, the District Court dismiss any such delinquent Plaintiff's claims, without prejudice, for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b), and as a sanction for their failure to comply with Local Civil Rule 10.1(a); and it is further

**ORDERED** that, on or before **May 25, 2015**, Plaintiff Nadine Morgan, who did not attend the March 27, 2015 conference (and, as described above, it is unclear whether Plaintiff Heather Young's letter dated March 19, 2015, (ECF No. 25), was intended to apply to Ms. Morgan as well),

---

[2] As noted above, the Court will attempt to provide these Plaintiffs with copies of this Order/Report and Recommendations using the e-mail addresses supplied by Plaintiffs' former local counsel of record.

shall submit a letter to the Court confirming whether she wishes to proceed with this litigation; and it is further

RECOMMENDED that, if Plaintiff Nadine Morgan fails to timely provide such information, the District Court dismiss her claims, without prejudice, for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b); and it is further

RECOMMENDED that the District Court dismiss, without prejudice, pursuant to Federal Rule of Civil Procedure 41(b), the claims of the following Plaintiffs, who are presumed to have received the Court's February 17, 2015 Letter Order, but who neither attended the March 27, 2015 conference nor provided the Court with a reasonable explanation for their absence: (1) Carson Steltz; (2) Coreen Aldosa; (3) Steven Allafi; (4) Kenneth Alonso; (5) Jennifer Alonso; (6) Alfonso Amelio; (7) Mark Ballard; (8) Everton Baynes; (9) Gale Baynes; (10) Michael Bean; (11) Michael Busulca; (12) Rosanna Bizzio; (13) Gregory Knott; (14) Catherine Bradford; (15) John Calise; (16) Yony Cantave; (17) Nadine Apollon; (18) Richard Caselli; (19) Harry Chandler; (20) Berry Chandler; (21) Darrin Coffey; (22) Annmarie Coffey; (23) Nichelle Cromwell-James; (24) Christopher Davis; (25) Anthony Giuffre; (26) Raul Gonzalez; (27) Rodney Hampton; (28) Scott Hembroff; (29) Stephanie Hembroff; (30) Mile Lyamu; (31) Dale Joel; (32) Julie Hala-Joel; (33) Richard Johnson; (34) Rachel Keyser; (35) Jeffrey Keyser, Jr.; (36) Timothy Kontogouris; (37) Wendy Kontogouris; (38) Henery Lijedah; (39) Gary Millstein; (40) Vivian Millstein; (41) Robert Mirowski; (42) Munguia Malolis; (43) Kristine Neal; (44) Nwelatow Njualem; (45) Marsha Osborn; (46) Thi Peterson; (47) Kevin Pfau; (48) Leslie Blauvelt; (49) Gregory Rothermel; (50) Tiffany Rothermel; (51) Vincent Schwartz; (52) Jae Schwartz; (53) Shaneisa Shelton; (54) Michelle Shepherd; (55) Robert Shepherd; (56) Allan Silverman; (57) Tyrone Simpson; (58) Louis

Smith; (59) Anthony Steward; (60) Cheryl Steward; (61) Eugene Torres; (62) Stephen Weiss; (63)

Jill Bennett-Weiss; (64) James Ambrose; (65) Antony McKinney; and (66) John Emerson.[3]

**s/ Joseph A. Dickson**
**JOSEPH A. DICKSON, U.S.M.J.**

cc.     Hon Jose L. Linares, U.S.D.J.

---

[3] With the exception of Plaintiffs James Kunkel; James McGurn; Patricia McGurn; Frank Reagan; and Susan Reagan, whom the Court will attempt to contact by e-mail, the Court will mail copies of this Order / Report and Recommendation to all Plaintiffs at their last-known addresses.